IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESPACIO RESIDENTIAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LETICE AWILDA GÓMEZ-SÁNCHEZ<br>A/K/A LETICE A. GÓMEZ-SÁNCHEZ<br>A/K/A LETICE GÓMEZ-SÁNCHEZ<br><br>Defendant. | CIV. NO.: 16-2349 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Espacio Residential, LLC's ("Plaintiff") motion for summary judgment at Docket No. 52. The motion stands unopposed. *See* Docket No. 61. For the reasons set forth below, the Plaintiff's motion is **GRANTED**.

**I. Uncontested Facts**

On July 30, 2005, Defendant, Letice Awilda Gómez-Sánchez ("Defendant Gómez-Sánchez"), obtained a loan from Doral Bank, and executed a mortgage note in the amount of $157,250.00 with an annual interest rate of 5.95%, due on August 1, 2035. Docket No. 52-1 at ¶ 1. To guarantee this loan, Defendant Gómez-Sánchez executed a mortgage deed

| Espacio Residential, LLC v. Letice Awilda Gómez-Sánchez | Page 2 |
|---|---|

("Mortgage"), in favor of Doral Bank, encumbering a property located in the Barrio Campo Rico, Canóvanas, Puerto Rico ("Property"). *Id*. at ¶¶ 2-3.

The description of the Property in the Registry of Property is as follows:

> RÚSTICA: Predio de terreno marcado con la letra "A" en el plano de inscripción, localizado en el BARRIO CAMPO RICO, del término municipal de Loíza (ahora Canóvanas), Puerto Rico, con una cabida superficial de PUNTO MIL CINCUENTA Y CUATRO (492.1054) METROS CUADRADOS, equivalentes a cero punto mil doscientos cincuenta y dos (0.1252) cuerdas. En lindes por el NORTE, en alineaciones seguidas que suman dieciocho punto diecisiete (18.17) metros, con la franja de terreno dedicada a uso público; por el SUR, en dieciocho punto treinta y siete (18.37) metros, con el remanente de la finca principal; por el ESTE, en veintiocho punto sesenta y ocho (28.68) metros con terrenos propiedad de Mercedes Pastrana; y por el OESTE, en veinticinco punto cuarenta y ocho (25.48) metros, con el remanente de la finca principal. ------------------

> Property number 12,522, recorded at page 14 of volume 279 of Canóvanas, Registry of the Property of Carolina, Third Section.

*Id*. at ¶ 3.

On July 30, 2013, the Mortgage was modified regarding the principle, monthly payments, maturity date, and last payment. *Id*. at ¶ 2. After various dealings, Roosevelt Cayman Asset Company II ("RCAC-II") became the owner and holder of the Mortgage, which was later transferred to the Plaintiff in these proceedings.[1] *Id*. at ¶ 4; *see also* Docket No. 60-1. Defendant Gómez-Sánchez defaulted on the terms and conditions of the Mortgage, and as of September 10, 2019, owes the Plaintiff a principal of $147,634.29, $1,791.10 in accrued late charges, and $14,851.19 in expressly agreed upon attorney's fees and legal costs. Docket No. 52-1 at ¶ 5; *see also* Docket No. 52-6 at pg. 4. This results in a total of $164,276.58 plus an accrued interest on $144,773.37 at the annual interest rate of 4.98149% since May 1, 2014, which will continue to accrue interests at the contractual

---

[1] On May 15, 2023, this Court granted a motion requesting the substitution of RCAC-II as plaintiff. Docket No. 61. RCAC-II and Espacio Residential, LLC agreed that RCAC-II would transfer its interest in this cause of action, and the right to any sentence or judgment regarding this case, to Espacio Residential, LLC.

| Espacio Residential, LLC v. Letice Awilda Gómez-Sánchez | Page 4 |
|---|---|

rate. Docket No. 52-1.

## II. Standard for Motions for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute a to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Therefore, "the court must examine 'the record in the light most favorable to the nonmovant' and must make 'all reasonable inferences in that party's favor.'" *García-García v. Costco Wholesale Corp.*, 878 F.3d 411, 417 (1st Cir. 2017) (quoting *Ameen v. Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir. 2015)). The court must also "ignore 'conclusory allegations, improbable inferences, and unsupported speculation.'" *Am. Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers*, 536 F.3d 68, 75 (1st Cir. 2008) (quoting *Medina-Muñoz v. R. J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

"If this threshold is met, the opponent 'must do more than simply show that there is some metaphysical doubt as to the material facts' to avoid summary judgment." *CitiMortgage, Inc. v. Rivera-Anabitate*, 39 F.Supp.3d 152, 153-54 (D.P.R. 2014) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

| Espacio Residential, LLC v. Letice Awilda Gómez-Sánchez | Page 5 |
|---|---|

U.S. 574, 586 (1986)). Federal Rule of Civil Procedure 56 sets forth "a bifurcated standard which the party opposing summary judgment must meet to defeat the motion." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975). The nonmovant must "establish the existence of an issue of fact which is both 'genuine' and 'material.'" *Id*. And "[a] material issue is one that affects the outcome of litigation." *Id*. Facts contained in a supporting statement of material facts "shall be deemed admitted unless properly controverted." FED. R. CIV. P. 56(e).

As the Court previously noted in its Order at Docket No. 61, Defendant Gómez-Sánchez did not respond to the Plaintiff's motion, and so the facts alleged in the motion for summary judgment remain uncontested. Nevertheless, the Court must still consider the Plaintiff's "claim based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party." *Sánchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209, 212 (1st Cir. 2008). Therefore, this Court must determine whether, if in view of the uncontested material facts, summary judgment is proper as a matter of law.

| ESPACIO RESIDENTIAL, LLC V. LETICE AWILDA GÓMEZ-SÁNCHEZ | Page 6 |
|---|---|

### III. Discussion

In this matter, Plaintiff invoked the Court's diversity jurisdiction. Docket No. 1 at ¶ 2. As such, Puerto Rico substantive law applies. *CitiMortgage, Inc. v. Rivera-Anabitate*, 39 F.Supp.3d 152, 154 (D.P.R. 2014). Under Puerto Rico law, a mortgage "is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt." *Chicago Title Ins. Co. v. Sotomayor*, 394 F.Supp.2d 452, 460 (D.P.R. 2005). "Following default on a loan secured by property, the mortgage creditor may seek foreclosure." *Condado 3 CF, LLC v. Reyes Trinidad*, 312 F. Supp.3d 255, 260 (D.P.R. 2018) (internal citation omitted). Default includes the debtor's failure to make payments of any principal or interest due. *CitiMortgage, Inc.*, 39 F.Supp.3d at 154.

There is no controversy as to the facts in this case. Defendant Gómez-Sánchez voluntarily constituted a mortgage note for a loan with Doral Bank, payment for which was guaranteed by the Property. Docket No. 52-1 at ¶¶ 1-2. Doral Bank transferred its interest in the Mortgage to RCAC-II, who later transferred it to the Plaintiff. Docket No. 61. And it is clear from the record

that Defendant Gómez-Sánchez defaulted on the terms and conditions of the Mortgage (as modified). Docket No. 52-1 at ¶ 5. Moreover, the record shows that attempts were made to reach an agreement to avoid foreclosure proceedings. Docket No. 48. But the loss mitigation alternative was taken off the table due to lack of insufficient funds on Defendant Gómez-Sánchez' behalf. Docket No. 50. Therefore, after a review of the record and the uncontested material facts, it is undisputed that Defendant Gómez-Sánchez' has breached the terms and conditions set forth in the loan documents given her failure to fulfill her payment obligations. Accordingly, Plaintiff is entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**. Judgment will be entered in the amount of $147,634.29, of which $2,860.92 is a deferred principal which does not accrue interests and $144, 773.37, accrues interest since June 1, 2014, at the annual interest rate of 4.98149%, accrued late charges in the amount of $1,791.10, and

| Espacio Residential, LLC v. Letice Awilda Gómez-Sánchez | Page 8 |
|---|---|

expressly agreed-upon attorney's fees and legal costs (as agreed upon in the loan documents) in the amount of $14,851.19, for a total of $164,276.58.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of May 2023.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE